# In the United States Court of Federal Claims

* * * * * * * * * * * * * * *
**CARL W. LANDERS,** *
*
*
**Plaintiff,** *
**v.** *
* **No. 06-314C**
**UNITED STATES,** * **Filed: May 3, 2006**
*
**Defendant.** *
*
* * * * * * * * * * * * * * *

## O R D E R

On April 24, 2006, plaintiff, a United States Navy veteran, filed a claim with this court for the alleged breach of a settlement agreement by the federal government, stemming from care at a Veterans Administration (VA) medical facility. The complaint was filed by Bonita P. Martinez, Esquire, "Attorney for Plaintiff." The complaint was accompanied by an application to proceed in forma pauperis.

In order to provide access to this court to those who cannot pay the filing fees mandated by Rule 77.1(c) of the Rules of the United States Court of Federal Claims (RCFC), 28 U.S.C. § 1915 (2000) permits a court of the United States to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. Section 1915 states that:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees

---

[1] A number of courts have reviewed the words of 28 U.S.C. § 1915(a)(1), regarding in forma pauperis applications by non-prisoner litigants in federal courts, and have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed in forma pauperis in federal court. See Floyd v. United States Postal Serv., 105 F.3d 264, 275-76 (6th Cir.), reh'g denied (1997); Schagene v. United States, 37 Fed. Cl. 661, 663 (1997) (finding that it was not the intent of Congress to eliminate the in forma pauperis right of access to federal courts of eligible, indigent, non-prisoners); see also In re Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) (discussing how to administer in forma pauperis rights to a non-prisoner, thereby acknowledging the rights of

or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a) (2000).

Access to the courts is fundamental to our system of justice. The purpose of 28 U.S.C. § 1915 is to provide meaningful access, not a barrier, to the indigent seeking relief in federal court since poverty should not make it impossible for a plaintiff to file a legitimate lawsuit. See Adkins v. E.I. Dupont de Nemours Co., 335 U.S. 331, 339 (1948) (finding that one need not "contribute to payment of costs, the last dollar they have or can get," in order to benefit from section 1915); see also In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982) (finding that a court must protect the right of indigent persons to have access to the court system); Abdul-Akbar v. Dep't of Corrections, 910 F. Supp. 986, 998 (D. Del. 1995); Harlem River Consumers Coop., Inc. v. Associated Grocers of Harlem, Inc., 71 F.R.D. 93, 96 (S.D.N.Y. 1976).

Under section 1915(a), the court must decide whether a plaintiff seeking leave to proceed in forma pauperis is unable to pay the costs and fees associated with the lawsuit. See Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995); see also Crews v. United States, 38 Fed. Cl. 10, 14-15 (1997). Pursuant to 28 U.S.C. § 1915(a)(1), in order to qualify for in forma pauperis status, an applicant must file an affidavit, which includes a statement of all assets, a statement that the person is unable to pay such fees or provide security, the nature of the action, defense or appeal and must state the affiant's belief that he/she is entitled to redress.

The affidavit filed by Mr. Landers complies with the filing requirements of the statute. The application to proceed in forma pauperis, therefore, must be reviewed by the court to decide whether the plaintiff has made a "sufficient showing of poverty." Harlem River Consumers Coop., Inc. v. Associated Grocers of Harlem, Inc., 71 F.R.D. at 95; see Green v. Cotton Concentration Co., 294 F. Supp. 34, 36 (S.D. Tex. 1968) (finding that, "[t]he federal paupers statutes were enacted to make the federal courts accessible to those of modest means; they were not intended to authorize the court to give an indigent carte blanche."); see also Xanthull v. Beto, 296 F. Supp. 129, 131 (S.D. Tex. 1969) (finding that

---

non-prisoners to apply for in forma pauperis status); Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1) to indicate that the use of that word was inappropriate); Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that a "fair reading of the entire section [28 U.S.C. § 1915(a)(1)] is that it is not limited to prisoner suits."). Moreover, 28 U.S.C. § 1915(a)(1) refers to both "person" and "prisoner." The word "person" is used three times in the subsection, while the word "prisoner" is used only once. This court, therefore, finds that the single use of the word "prisoner" in the language of 28 U.S.C. § 1915(a)(1) was not intended to eliminate a non-prisoner from proceeding in federal court in forma pauperis, provided that the civil litigant can demonstrate appropriate need. Any other interpretation is inconsistent with the statutory scheme of 28 U.S.C. § 1915.

in order to protect public funds, the discretion of federal judges should be subject to statutory standards and limited to authorize in forma pauperis status solely "upon a showing of necessity," and that the lawsuit is not frivolous).

In his handwritten and signed application to proceed in forma pauperis, the plaintiff states that he was last employed in 1987. Plaintiff's complaint indicates that he is disabled. His application states that he has about $400.00 in a checking account; that his home is worth about $45,000.00, but he has negative equity in it; and that his only source of income is $1723.00 per month from VA and Social Security disability payments. He also lists $600.00 per month from a "Government owned annuity," but his complaint, at paragraphs 8 and 10, indicates that the non-receipt of this amount is the gravamen of the instant lawsuit, so the court will not consider it as part of Mr. Landers' assets.

As noted above, Mr. Landers is not proceeding pro se, but is represented by counsel. There is no indication counsel is providing pro bono services. To the contrary, the complaint notes that attorney fees were paid for legal services received with respect to the underlying case involving care received at a VA medical facility. The court views it as perhaps inconsistent for plaintiff to seek relief from court fees while financing other aspects of the case. Therefore, on or before **Friday, May 19, 2006**, the plaintiff, and counsel, shall respond to the court with additional information regarding whether pro bono, contingent or paid legal services are involved in this case and, if the latter, why the court should nevertheless waive its fee. The court does not view the fact that Mr. Landers has counsel as automatically disqualifying his application.

Furthermore, the Settlement Agreement titled "Stipulation for Compromise Settlement," signed in March, 1994, indicates that in addition to the $600.00 per month payment from an annuity to be purchased by the United States, the plaintiff and his attorney shall be paid a lump sum not to exceed $90,000.00 from which the plaintiff was to pay attorneys fees and costs. The complaint now before this court states "PLAINTIFF is aware of $90,000 cash settlement paid for cost and attorney fees and is not seeking to recover that amount from the DEFENDANT in this complaint." Prior to reaching a decision on plaintiff's application for in forma pauperis status, the court also is interested in an accounting of the $90,000.00 cash portion of the settlement in order to understand to whom that money was paid and in what portions, and whether plaintiff received or still has any portion of that $90,000.00 cash settlement. That accounting shall be included in the filing to be submitted to the court on or before **Friday, May 19, 2006**.

Therefore, in the response to be filed with the court on or before **Friday, May 19, 2006**, the plaintiff, and counsel, shall respond to the court with additional information regarding whether or not counsel is acting pro bono or on contingency, what portion of the $90,000.00 cash settlement plaintiff received, who received the remainder of what he did not receive, and whether plaintiff has any portion of the $90,000.00 remaining in his possession. Plaintiff also shall provide updated information, if any, to the in forma pauperis application he signed on April 15, 2006. If plaintiff's situation has not changed since April 15, 2006, he shall so indicate in the May 19, 2006 reply.

This case was designated an electronic case on April 24, 2006. Compliance with the electronic case management system is mandatory not voluntary. The Notice of Designation gave counsel without a CM/ECF account thirty days to obtain one. Since plaintiff's counsel's name does not appear on the CM/ECF Attorney Accounts list as of the date of this order, the clerk's office shall **MAIL** a copy of this order to plaintiff's counsel Bonita P. Martinez, 304 Hawthorn Street, San Diego, CA 92101. Furthermore, plaintiff's counsel has not yet become a member of the bar of this court, though the court understands that plaintiff's counsel has attempted to do so. The clerk's office (Harold Wymbs, 202-357-6429), will advise plaintiff of what remains to be completed to become a member of the bar. Plaintiff's counsel shall expeditiously take care of both matters and must do so on or before **Wednesday, May 24, 2006**. The clerk's office also shall **MAIL** a copy of this order to plaintiff at the latest address reflected in the attachments to the complaint: Carl W. Landers, 1303 S. Jefferson St., Kaufman, TX 75142. If this is not Mr. Landers' current address, plaintiff's counsel shall provide him with a copy of this order and provide the court with an updated address for Mr. Landers. Further communications after **Wednesday, May 24, 2006**, will be through the electronic system.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**